IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRECOM SYSTEMS GROUP INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**MJ FREEWAY, LLC, and AKERNA CORPORATION,**<br><br>*Defendants.* | Case No. 2:21-cv-01575-JDW |

## **MEMORANDUM**

Trials are about the truth, and both sides need a fair shot. While relevant evidence is critical to the process, late evidence disrupts the case and can create an unfair advantage. TreCom Systems Group, Inc. asks me to prevent MJ Freeway, LLC, and AKERNA Corporation (collectively "MJF") from introducing at trial testimony from witnesses and evidence from documents that MJF disclosed well after the close of discovery and only weeks before trial. Because MJF waited too long to disclose the witnesses, and there is no time left to cure the prejudice from its belated disclosure, I won't permit MJF to introduce testimony from the witnesses. For the documents, it's not clear to me that MJF has included them on a pretrial exhibit list, so there's nothing for me to exclude.

**I.      RELEVANT BACKGROUND**

In 2017, MJF won a contract with the Pennsylvania Department of Health ("DOH") to provide technology services for the state's medical marijuana program. MJF listed TreCom as a small diverse business subcontractor in the bid. After MJF won the contract, it negotiated a subcontract with TreCom. The parties dispute which version of the subcontract governs their relationship. They also dispute the scope of services MJF and TreCom provided DOH and how that scope changed when UniqueSource, a company with a separate contract with DOH, took over aspects of the project.

The Parties served initial disclosures in September 2021. MJF's initial disclosures listed six witnesses, two from TreCom, three from Akerna, and Kerry Kirkland of the Pennsylvania Department of General Services ("DGS"). Discovery lasted more than two years and closed on November 3, 2023. I then reopened discovery for a limited purpose until December 18, 2023. On January 12, 2024, both sides filed summary judgment motions. On May 2, 2024, I denied both summary judgment motions.

On September 20, 2024, MJF's counsel sent a letter that purported to supplement MFJ's initial disclosures to add three DOH employees to its witness list: Brian Lecher; Curtis Burwell; and Tod Traub. In addition, MJF enclosed with that letter approximately 681 pages of documents that MJF obtained from DGS pursuant to a Right To Know Act request.

The parties filed pretrial memoranda on September 27, 2024. In its memorandum, MJF listed Mr. Lecher and Mr. Traub as witnesses who it may call at trial. (ECF No. 96 at 5.) On October 4, 2024, TreCom moved to preclude Mr. Lecher and Mr. Traub from testifying at trial, given MJF's late disclosure of them as potential witnesses in the case. TreCom also asks me to exclude the documents that MFJ produced on September 20 from DGS. On October 10, 2024, MJF moved for leave to take a deposition of Mr. Lecher to preserve his trial testimony because he will be on vacation during the trial. I ordered expedited briefing on that motion, and both motions are now ripe for review.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure seek to prevent trial by surprise. Early in every case, litigants must identify "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses[.]" FED. R. CIV. P. 26(a)(1)(A)(i). This Rule seeks "in part, to eliminate the element of surprise in civil litigation." *McManus v. Walgreens Co.*, No. 21-CV-2285, 2022 WL 3913549, at *8 (E.D. Pa. Aug. 30, 2022) (citation omitted).

The rules also empower a judge to sanction a party that fails to provide information or identify a witness that Rules 26(a) or (e) require. *See* FED. R. CIV. P. 37(c)(1). The sanction may include prohibiting the offending party from using the undisclosed information or witness to supply evidence on a motion, at a hearing, or at a trial. *See id.* "However, exclusion of critical evidence is an 'extreme' sanction[.]" *ZF Meritor, LLC v. Eaton Corp.*,

696 F.3d 254, 297 (3d Cir. 2012) (quotation omitted). Thus, before excluding evidence, I must consider: "(1) the prejudice or surprise in fact of the party against whom the evidence would have been presented, (2) the ability of that party to cure the prejudice, (3) the extent to which the presentation of the evidence would disrupt the orderly and efficient trial of the case or other cases in the court, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the importance of the excluded evidence." *LabMD Inc. v. Boback*, 47 F.4th 164, 189 (3d Cir. 2022); *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977), *overruled on other grounds* by *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985). The last factor is "often the most significant factor." *Z.F. Meritor*, 696 F.3d at 298.

### III. DISCUSSION

#### A. Messrs. Lecher And Traub

The exclusion of evidence is an extreme sanction, but my analysis of the *Pennypack* factors tells me that this is a case that warrants that sanction. *First*, TreCom would suffer substantial prejudice if I permit Messrs. Lecher and Traub to testify at trial. The longer the delay after the scheduling order's deadline, the greater the chance of prejudice, especially when the trial is approaching. *Compare Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719–21 (3d Cir. 1997) (finding prejudice when counsel received notice of an expert more than 18 months after the deadline with trial three weeks away), *with In re Paoli R.R. Yard P.C.B. Litig.*, 35 F.3d 717, 792 (3d Cir.

4

1994) (finding that prejudice was minimal where expert report was only a month late and trial was four months away). MJF's disclosure falls closer to *Konstantopoulos*, with witnesses revealed eleven months after discovery closed and just two months before trial. This late disclosure gives MJF a tactical advantage because TreCom would have to "focus litigation resources on these efforts in the last days before trial," during a period with holidays and other trial obligations. *Konstantopoulos*, 112 F.3d at 721; ECF No. 107 at 26–27. The timing of the disclosure of Messrs. Lecher and Traub comes as both a surprise and a disadvantage for TreCom, satisfying the first *Pennypack* factor. This factor weighs strongly in favor of exclusion.

      MJF notes that Messrs.. Lecher's and Traub's names appeared in communications and depositions. That's true, and it certainly alerted TreCom to their existence, but it didn't alert TreCom that MJF might call either of them to present testimony at trial. Rule 26 doesn't accept "mere mention of an individual's identity" as proper notice. *Flores v. Pennsylvania State Police*, No. CV 18-0137, 2019 WL 251948, at *3 (E.D. Pa. Jan. 17, 2019). In fact, TreCom was justified in thinking that MJF did not intend to call either Mr. Lecher or Mr. Traub at trial because they were mentioned in discovery but MJF didn't disclose them as trial witnesses.

      MJF also claims its counsel mentioned MJF's interest in calling these witnesses in a conversation that occurred as the parties prepared to file summary judgment motions. But an uncorroborated statement from counsel isn't enough to overcome the lack of a

written disclosure. If MJF wanted to amend its disclosures, it should have done so in writing to ensure that everyone was on the same page. To the extent it required a motion, it should have filed one.

*Second*, there's no easy way to cure the prejudice at this late date. Trial is less than two months away, and the parties are hard at work filing motions, preparing jury instructions, and preparing witness examinations. Now is not the time to re-open discovery. MJF minimizes the burden and suggests that depositions of Messrs. Lecher and Traub would cure the prejudice. I don't agree. To conduct a proper discovery deposition, TreCom would have to pivot from trial preparation, go through the complete discovery record, identify all the documents with Mr. Lecher's or Mr. Traub's name on them, and then decide what to ask them. Inevitably, a discovery deposition begets more discovery and more questions. Therefore, the cure is not as simple as sitting down for a deposition, and the cure can't happen in the waning days before trial. This factor weighs strongly in favor of exclusion.

*Third*, permitting Messrs. Lechler and Traub to testify would have a minor impact on the orderly presentation of trial, but not a substantial one. TreCom knows that MJF wants to call these witnesses, and everyone can prepare cross-examinations. That said, without the benefit of a discovery deposition, TreCom's cross-examination would necessarily be more cumbersome and likely more time consuming. This factor is neutral or weighs very slightly in favor of exclusion.

*Fourth*, I see no evidence of bad faith or willfulness on MJF's part. I do think MJF and its counsel were negligent in their approach to obtaining information from Messrs. Lechler and Traub. As MJF notes, both men's names appear throughout the discovery record, yet MJF never tried to serve a subpoena on either of them in discovery. Instead, it had informal conversations with lawyers for DOH. That wasn't a good choice, but it doesn't rise to bad faith or willfulness. So, this factor weighs against exclusion.

*Fifth*, MJF's conduct in this case tells me that the testimony at issue is not central to the case. MJF navigated summary judgment without having their testimony. More importantly, MJF's conduct in discovery tells me that it didn't view the testimony as vital to its case. It knew who Mr. Lecher and Mr. Traub are, both from the discovery record and from its corporate dealings with DOH. Yet it didn't push for their depositions during two years of discovery. It appears that MJF's counsel had some conversations with DOH's counsel, but no one from MJF reports having asked directly about Mr. Lecher or Mr. Traub. Instead, MJF asked about employees knowledgeable about certain subjects. When DOH didn't identify Mr. Lecher or Mr. Traub, it assumed that they no longer worked there, but it didn't try to track them down. Actions speak louder than words, and MJF's actions throughout this case tell me that MJF did not think Mr. Lecher or Mr. Traub had information central to this case. All relevant evidence has some import to a case, but the evidence here isn't central. This factor weighs in favor of exclusion.

Four *Pennypack* factors weigh in favor of exclusion. A lack of willfulness or bad faith is not enough to salvage the evidence. I will therefore bar any effort to elicit trial testimony from Mr. Lecher or Mr. Traub.

### B.   DGS Documents

Although TreCom asks me to exclude the DGS documents that MFJ produced in September 2024, TreCom has not shown that MFJ has listed those documents on an exhibit list or that it expects to use them at trial. TreCom points to an entry in MFJ's pretrial memorandum that references "publicly available documents received from the Commonwealth of Pennsylvania … ." (ECF No. 96-8 (entry 109).) That entry is so broad as to be a nullity, and it's not clear that it encompasses the documents from DGS in any event because I don't know if they are publicly available. Because TreCom has not shown that MJF intends to use the documents at trial, there's nothing for me to exclude.

### IV.   CONCLUSION

MJF didn't disclose the possibility that it might call Mr. Lecher or Mr. Traub at trial until too late. In the interest of fairness, I will bar them from testifying at trial. As for the DGS documents, I see no indication that MJF intends to use them at trial, so I have no basis to exclude them. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

October 25, 2024