IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRECOM SYSTEMS GROUP, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**MJ FREEWAY, LLC, and AKERNA CORPORATION,**<br><br>*Defendants.* | Case No. 2:21-cv-01575-JDW |

### MEMORANDUM

In advance of trial, the Parties to this breach-of-contract dispute filed five motions *in limine*. I will resolve each in turn.

### I.     EXTRINSIC CONTRACT EVIDENCE (ECF NO. 98)

MJF[1] invokes the parol evidence rule and asks me to exclude from evidence extrinsic information about the contracts. When a writing constitutes the parties' entire contract, "the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 426-27 (Pa. 2004). The rule does not apply if a party

---

[1] "MJF" refers to Defendants MF Freeway LLC and Akerna Corp.

avers that a contract omits a term due to fraud, accident, or mistake, or if a term of the contract is ambiguous. *See id.*

The parol evidence rule doesn't justify the relief that MJF seeks because the evidence is relevant for other purposes and therefore doesn't run afoul of the rule. Evidence of the parties' course of performance, precontract discussions between the Parties, and between MJF (as a prime contractor) and the Pennsylvania Department of Health may bear on MJF's understanding and expectations in entering the subcontract between MJF and TreCom. Because that evidence might bear on when and on what conditions there was a meeting of the minds between MJF and TreCom, it is relevant.

To the extent that individual documents are not relevant, MJF's argument is not specific enough for me to ferret that out. "Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Karpf v. Massachusetts Mutual Life Insurance Company*, 2019 WL 468808, at *1 (E.D. Pa. 2019) (internal citations and quotations omitted). If it turns out at trial that specific documents or testimony is prejudicial or irrelevant, I can rule on it then. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Finally, I note that, contrary to TreCom's argument, the fact that someone put a document in a summary judgment appendix does not mean that it's relevant at trial. In ruling on summary judgment, I determined that the evidence before me created a

genuine factual dispute. But I didn't make evidentiary rulings unless someone asked me to do so, which is this case was almost never. Thus, TreCom should not point to the summary judgment appendix as a basis to suggest that any particular piece of evidence is admissible at trial.

## II.     SDB SCORE (ECF NO. 99)

There is a presumption that relevant evidence is admissible. *See* FED. R. EVID. 402. Under Federal Rule of Evidence 401, evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" if "the fact is of consequence in determining the action." FED. R. EVID. 401. The nub of this dispute is which contractual document reflects the Parties' meeting of the mind. The process by which MJF won the award from the Commonwealth, and the extent that including TreCom and Premier Personal Healthcare's participation in MJF's bid aided that victory, could be relevant to the Parties' understanding and expectations in reaching their own agreement. Thus, the SDB score is relevant, and MJF doesn't explain why the score itself would be unduly prejudicial under Rule 403. If MJF thinks that TreCom's questions about the SDB go too far at trial, I can deal with those objections then. But I won't issue a blanket ruling that bars discussion of the SDB score. I will therefore deny MJF's motion.

## III.    REFERENCES TO RACE (ECF NO. 100)

This case is about contract formation, not race. There's no doubt that the Prime Contract between DOH and MJF encouraged the inclusion of an SDB in a proposal. There's

also no dispute that TreCom qualified as an SDB. All that information can and should be a part of the trial presentation.

Because there's no dispute that TreCom qualified as an SDB, it doesn't matter why it qualified as an SDB. So, in that sense, its status as a Black-owned business is irrelevant. TreCom argues that the jury will better understand the purpose of a contractual requirement that an SDB receive 35.09% of the total payments under the contract if it understands race. But the Commonwealth didn't limit the SDB to Black-owned businesses, so TreCom's argument misses the point. It's irrelevant, and it's also misleading such that its prejudice would substantially outweigh any minimal relevance. *See* Fed. R. Evid. 403.

TreCom also argues that its status as a Black-owned business made it harder for mitigate its damages. But TreCom doesn't identify specific opportunities that it lost due to its status as a Black-owned business, and I won't permit it to speculate about the possibility that race impacted its business more generally. Doing so would be an appeal to the jury's emotion, not to fact, and falls short under Rule 403. TreCom can make all of its arguments without reference to race, so I won't permit it to invoke race as part of the case.

## IV.   ABUSIVE QUESTIONING TACTICS (ECF NO. 102)

MJF seeks broad restrictions on TreCom's questioning style based on the questions that TreCom's counsel asked during depositions. MJF asks too much. Depositions happen without a judge's supervision, and lawyers sometimes feel emboldened as a result. But

that's not a basis for me to impose vague restrictions on questioning before trial begins. MJF's own proposed order highlights the problems with its motion. It would have me order the parties to "refrain from the types of convoluted, argumentative, and improper questioning" that some deposition transcripts evidence. (ECF No. 102 at 1 (proposed Order).) No one could be sure in advance whether a particular question fell within the scope of that order, and I'm not interested in my *in limine* rulings becoming a trap for the unwary or cause more fights later. I can and will manage the proceedings in the courtroom as they happen.

## V.    CONCLUSION

I will grant MJF's motion concerning the introduction of race and references to TreCom as a "Black-owned business." I will deny MJF's other motions and deal with issues if and when they arise at trial. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON

November 13, 2024