# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRECOM SYSTEMS GROUP, INC., <br>     Plaintiff, <br><br> v. <br><br> MJ FREEWAY, LLC, and <br> AKERNA CORPORATION, <br>     Defendants. | Case No. 2:21-cv-01575 |

## DEFENDANT MJ FREEWAY, LLC'S MOTION TO SET ASIDE WRIT OF EXECUTION PURSUANT TO Pa.R.C.P. 3121

Defendant MJ Freeway LLC ("MJ Freeway"), in response to Plaintiff's Amended Praecipe for Writ of Execution (Doc. 186) and the resulting Writ of Execution (Doc. 187), objects and moves to set aside the May 30, 2025 Writ of Execution. The Writ is improper and should be set aside under Pennsylvania Rule of Civil Procedure 3121 because (1) the attempted garnishment violates the doctrine of *custodia legis*, including by jeopardizing an essential Commonwealth program; and (2) the Writ contains defects regarding the inadequate description of property, lack of priority, and defective service.

Dated this 2nd of June, 2025.

                     /s/ *Sarah M. Andrzejczak*
                     Sarah M. Andrzejczak
                     BUCHALTER
                     A Professional Corporation
                     1099 18th Street, Suite 1900
                     Denver, Colorado 80202
                     303-253-6745
                     sandrzejczak@buchalter.com

-2-

          Steven D. Urgo
          Lewis Brisbois Bisgaard and Smith
          550 E. Swedesford Road, Suite 270 West
          Wayne, PA 19087
          215-977-4100
          steven.urgo@lewisbrisbois.com

          *Attorneys for Defendants MJ Freeway, LLC and Akerna Corporation*

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRECOM SYSTEMS GROUP, INC.,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>MJ FREEWAY, LLC, and AKERNA CORPORATION,<br>　　　　　Defendants. | Case No. 2:21-cv-01575 |

## ORDER

**AND NOW,** this _____ day of _____, 2025, after consideration of Defendant MJ Freeway, LLC's Motion to Set Aside the May 30, 2025 Writ of Execution (Doc. 187) and any response thereto, it is hereby **ORDERED** that the motion is **GRANTED**.

The Court further **ORDERS** that the Writ of Execution is set aside with prejudice as to the Pennsylvania Department of Health.

**BY THE COURT:**

_____
JOSHUA D. WOLSON, J.

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRECOM SYSTEMS GROUP, INC., <br>                 Plaintiff, <br><br>    v. <br><br> MJ FREEWAY, LLC, and <br> AKERNA CORPORATION, <br>                 Defendants. | Case No. 2:21-cv-01575 |

**DEFENDANT MJ FREEWAY, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SET ASIDE WRIT OF EXECUTION PURSUANT TO Pa.R.C.P. 3121**

Defendant MJ Freeway LLC ("MJ Freeway"), in response to Plaintiff's Amended Praecipe for Writ of Execution (Doc. 186) and resulting Writ of Execution (Doc. 187), objects and moves to set aside the May 30, 2025 Writ of Execution. The Writ is improper and should be set aside under Pennsylvania Rule of Civil Procedure 3121 because (1) the attempted garnishment violates the doctrine of *custodia legis*, including by jeopardizing an essential Commonwealth program; and (2) the Writ contains defects regarding the inadequate description of property, lack of priority, and defective service.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 69 governs the procedures to execute on a judgment. Rule 69(a) directs federal courts to follow "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). According to Pennsylvania Rule of Civil Procedure 3121, "[t]he court may on application of any party in interest set aside the writ, service or levy (1) for a defect therein; (2) upon a showing of exemption or immunity of property from execution, or (3) upon any other legal or equitable ground therefor." Pa.R.C.P. 3121(d).

One of the primary legal or equitable grounds warranting a stay of execution is the doctrine of "custodia legis." "Property *in custodia legis* is accorded immunity from attachment or execution, for, as the rationale goes, to allow such actions would require a public official to appear and defend a multitude of actions regarding the right to possession and would cause confusion and delay in the execution of legal process." *City of Easton v. Marra*, 862 A.2d 170, 173 (Pa. Commw. Ct. 2004) (affirming trial court's stay of execution pursuant to doctrine of "custodial egis"); *see Ross v. Clarke*, 1 U.S. 354, 355, 1 L. Ed. 173 (1788) (inception of rule in Pennsylvania that property in the custody of a sovereign state is not subject to attachment, as "the effects of one suit could be thus drawn into perpetual litigation by another"). Said another way, the doctrine preserves judicial efficiency and avoids interfering with the Commonwealth's administration of public funds and programs.

Whether to grant a stay of execution is within the sound discretion of the trial court and therefore will not be disturbed absent a clear abuse of that discretion. *Keller v. Re/Max Ctr. Realty*, 719 A.2d 369, 371 (Pa. Super. Ct. 1998) (affirming trial court's decision to stay execution so as to prevent resulting contribution claim).

**RELEVANT BACKGROUND**

On May 5, 2025, TreCom Systems Group, Inc. ("TreCom") filed a Praecipe for Writ of Execution (Doc. 183) seeking execution against MJ Freeway, as the Defendant, and the Pennsylvania Department of Health, as a garnishee. MJ Freeway moved to quash the Praecipe (Doc. 185) and TreCom responded by filing an Amended Praecipe for Writ of Execution on May 21, 2025). Notably, the Amended Praecipe corrects only some, but not all, of the fundamental flaws identified in MJ Freeway's Motion to Quash the original Praecipe.

On May 30, 2025, this Court issued a Writ of Execution identifying the Pennsylvania Department of Health as a garnishee (Doc. 187). The Writ of Execution purports to attach "all

sums due and owing to Defendant MJ Freeway ("MJF"), for work performed relating to RFQ 6100040415 and/or RFP 6100059924, and any other project for which MJF is owed money by Garnishee for work performed . . . ." Further, the Writ of Execution enjoins the Pennsylvania Department of Health from "paying any debt to or for the account of the Defendant and from delivering any property of the Defendant or otherwise disposing thereof."

Plaintiff's Amended Praecipe for Writ of Execution and the corresponding Writ of Execution remain flawed and should be set aside for the reasons set forth below.

## ARGUMENT

### EXECUTION AGAINST THE DEPARTMENT OF HEALTH VIOLATES *CUSTODIA LEGIS* AND THREATENS PUBLIC FUNCTIONS

The May 30, 2025 Writ of Execution is improper and contrary to Pennsylvania law, as would any other writ of execution naming the Pennsylvania Department of Health as a garnishee in this matter. Under the doctrine of "custodia legis," funds in the possession of the Commonwealth or one of its political subdivisions, "are not subject to attachment under the public policy that the government should be free from the annoyance and uncertainty arising out of disputes between the individuals to whom the money is owed and those claiming a right to the same funds by garnishment." *Lal v. Ameriquest Mortg. Co.*, 2004 PA Super 302, ¶ 15, 858 A.2d 119, 124 (2004); *see Buchholz v. Cam*, 288 Pa. Super. 33, 36, 430 A.2d 1199, 1200 (1981) (reversing failure to set aside writ of execution against City where debtor was a contractor and expecting future indeterminate payment sums under the existing City contract). This is particularly true where, as here, multiple other parties (e.g., subcontractors) would claim a right to possession of such funds to be enjoined at TreCom's request, causing confusion, delay, and inconvenience to the legal process. *See Wheatcroft v. Smith*, 239 Pa. Super. 27, 31, 362 A.2d 416, 418 (1976).

As this Court may well remember, MJ Freeway is as a general contractor and serves as a conduit of funds owed by the Pennsylvania Department of Health to various subcontractors for

their work to support Pennsylvania's Medical Marijuana Program. Thus, any funds to be paid by the Pennsylvania Department of Health and to MJ Freeway:

(1) are not the exclusive property of MJ Freeway, but rather were earned by and are "due and owing" to various subcontractors engaged in support of the Program;

(2) have not been sufficiently identified by TreCom, and therefore would require the U.S. Marshall and/or garnishee to determine matters of law as to what would properly be levied upon and attached thereto; and

(3) cannot be attached to or enjoined under the doctrine of "custodia legis" given that the Commonwealth, as a matter of law and equity, should be free from the annoyance of parties claiming a right to the same funds by garnishment.

If this Court allows the Pennsylvania Department of Health to serve as a garnishee in this matter, the Commonwealth's Medical Marijuana Program will almost immediately be jeopardized because no contractor or subcontractor would be paid indefinitely. This effectively harms not only MJ Freeway and all subcontractors involved in the Program, but also the Department itself. Under the Medical Marijuana Act, the Department is required to, among other things, "establish and maintain an electronic database to include activities and information relation to medical marijuana organizations, certifications and identification cards issued, practitioner registration and electronic tracking of all medical marijuana as required under [the] act." Medical Marijuana Act, 35 Pa. Cons. Stat. § 10231.301(a)(4)(2016). The Department shall "[c]ollaborate as necessary with other Commonwealth agencies or contract with third parties as necessary to carry out the provisions of this Act." Medical Marijuana Act, 35 Pa. Cons. Stat. § 10231.301(a)(11)(2016).

Here, the Commonwealth fulfills its statutory requirement for an electronic database through MJ Freeway, and it collaborates as necessary with MJ Freeway and various subcontractors to carry out other provisions of the Act. Halting all revenue flows related to the Program puts the

Commonwealth at risk for violation of its statutory requirements under the Medical Marijuana Act. Further, the Commonwealth would essentially be inviting future suits from unpaid subcontractors; derailing patients who rely on a "safe and effective method of delivery of medical marijuana"[1]; and jeopardizing the ability for growers, processors, laboratories, and dispensaries to rely on the Program as an avenue of demand for their supply.

It is also worth noting that TreCom has not obtained a writ of execution against MJ Freeway in an effort to pursue property truly within MJ Freeway's possession and control. Clearly, TreCom has other available avenues of collection that do not require the Commonwealth's involvement and do not risk harm to the Program or any subcontractor providing services for the Program.

For these reasons, and under the doctrine of "custodia legis," the Court should stay the Writ of Execution making the Pennsylvania Department of Health a garnishee.

**THE WRIT IS LEGALLY DEFECTIVE AND TRECOM LACKS PRIORITY OVER OTHER CREDITORS**

In addition to the reasons set forth above, this Court should also set aside the Writ of Execution due to the defects readily apparent therein.

*Lack of Specificity.* As noted above, the Writ of Execution does not sufficiently describe the property at issue. Instead, TreCom includes only a vague description that amounts to essentially all funds for all work MJ Freeway may have done or is doing for the Pennsylvania Department of Health, regardless of any obligations MJ Freeway and the Department owe to subcontractors. This sweeping language lacks the specificity required and, as written, seeks to force the U.S. Marshall and/or garnishee to determine matters of law regarding what would properly be levied upon and attached thereto. This defect alone warrants a stay, as a Writ of Execution should be simple enough

---

[1] Medical Marijuana Act, 35 Pa. Cons. Stat. § 10231.101(3)(ii) (2016).

for a lay person to follow, rather than require legal counsel to interpret issues of law that are more appropriately for this Court to determine.

*No Priority Right.* Additionally, TreCom has failed to establish that it has a right to any funds "due and owing" to MJ Freeway to the exclusion of other creditors. Obviously, TreCom has a judgment against MJ Freeway, which makes it a creditor. However, TreCom has not demonstrated any perfection of its interest and likewise has not established that it is the first in priority for purposes of collection of assets belonging to MJ Freeway. To the contrary, MJ Freeway understands that it has another secured creditor that takes priority over TreCom, which further justifies the stay of execution requested herein.

*Improper Service.* Lastly, and upon information and belief, TreCom has not properly effectuated service of the Writ of Execution upon the Pennsylvania Department of Health. Counsel for TreCom emailed a copy of the Writ of Execution to Deputy Chief Counsel Kevin Hoffman on May 30, 2025. Upon information and belief, Mr. Hoffman did not waive service of the Writ of Execution and no formal service of process has been effectuated by TreCom. *See* Pa.R.C.P. 3111 (requiring service of writ on garnishee); Pa.R.C.P. 3140 (requiring prompt notice to defendant after service of writ).

For these additional reasons, the Court should stay the Writ of Execution making the Pennsylvania Department of Health a garnishee.

**CONCLUSION**

For the reasons set forth above, MJ Freeway respectfully requests the Court set aside the Writ of Execution issued May 30, 2025, pursuant to Pa.R.C.P. 3121(d), with prejudice so as to prevent future interference with the Commonwealth's statutory requirements and avoid needless disruption to a critical public health program.

Dated this 2nd of June, 2025.

   /s/ *Sarah M. Andrzejczak*
Sarah M. Andrzejczak
BUCHALTER
A Professional Corporation
1624 Market Street, Suite 400
Denver, Colorado 80202
303-253-6745
sandrzejczak@buchalter.com

Steven D. Urgo
Lewis Brisbois Bisgaard and Smith
550 E. Swedesford Road, Suite 270 West
Wayne, PA 19087
215-977-4100
steven.urgo@lewisbrisbois.com

*Attorneys for Defendants MJ Freeway, LLC and Akerna Corporation*

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRECOM SYSTEMS GROUP, INC., <br> Plaintiff, <br><br> v. <br><br> MJ FREEWAY, LLC, and AKERNA CORPORATION, <br> Defendants. | Case No. 2:21-cv-01575 <br><br> **CERTIFICATE OF SERVICE** |

I, Sarah M. Andrzejczak, hereby certify that on this 2nd day of June, 2025, I have caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By:   /s/ *Sarah M. Andrzejczak*
Sarah Andrzejczak
BUCHALTER
1624 Market Street, Suite 400
Denver, Colorado 80202
303-253-6745
sandrzejczak@buchalter.com