## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRECOM SYSTEMS GROUP, INC.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 21-cv-1575** |
| | : | |
| **MJ FREEWAY, LLC, and AKERNA** | : | |
| **CORPORATION,** | : | |
| **Defendants.** | : | |

## ORDER

     **AND NOW**, this ___ day of _____, 2025, upon consideration of Pennsylvania Department of Health's Motion to Quash the May 30, 2025 Writ of Execution (ECF No. 187) any response thereto, it is hereby **ORDERED** that the motion is **GRANTED**.

     The Court further **ORDERS** that the Praecipe for Writ of Execution against Pennsylvania Department of Health be quashed with prejudice.

                    **BY THE COURT:**

                    _____
                    **JOSHUA D. WOLSON, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TRECOM SYSTEMS GROUP, INC.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 21-cv-1575** |
| | : | |
| **MJ FREEWAY, LLC, and AKERNA** | : | |
| **CORPORATION,** | : | |
| **Defendants.** | : | |

**PENNSYLVANIA DEPARTMENT OF HEALTH'S**
**MOTION TO QUASH WRIT OF EXECUTION**

Pennsylvania Department of Health ("DOH"), through its undersigned counsel, respectfully requests that the Court enter an order quashing the Writ of Execution issued on July 14, 2025. The Writ is improper under Pennsylvania Rule of Civil Procedure 3142(a) because the attempted garnishment against DOH is barred by sovereign immunity, and as permitted by Pennsylvania Rule of Civil Procedure 3121(d)(2), DOH seeks to quash the writ of execution by raising its appropriate defenses.

I.       **BACKGROUND**

On May 5, 2025, TreCom Systems Group, Inc. ("TreCom") filed a Praecipe for Writ of Execution seeking execution against MJ Freeway, LLC ("MJ Freeway"), as the Defendant in this matter, and the DOH as a garnishee. *See* ECF No. 183. MJ Freeway moved to quash the Praceipe (ECF No. 185) and TreCom filed an Amended Praecipe on May 21, 2025 (ECF No. 186).

On May 30, 2025, the Court issued a Writ of Execution identifying DOH as a garnishee. *See* ECF No. 187. The Writ of Execution enjoins DOH from "paying any debt to or for the account [MJ Freeway] and from delivering any property of [MJ Freeway] or otherwise disposing thereof." *Id.* The Writ of Execution was served upon DOH on July 14, 2025. *See* ECF No. 193.

Nevertheless, the Writ of Execution against DOH is barred by sovereign immunity.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 69 controls the procedure to execute on a judgment. Rule 69(a)(1)  directs the federal court follow "the procedure of the state where the court is located…" Fed. R. Civ. P. 69(a)(1). Pennsylvania Rule of Civil Procedure 3141 states that a garnishee may defend the action in any manner provided by the Pennsylvania Rules. Pa.R.Civ.P. 3141. In accordance with Pennsylvania Rule 3142, a garnishee may raise by preliminary objections the defense of immunity from attachment. Pa.R.Civ.P. 3142(a). Because preliminary objections are not available in federal court, DOH is moving to quash the writ of execution to properly raise available defenses.

## III.  ARGUMENT

"The Commonwealth, and its officials and employees acting within the scope of their duties" enjoy sovereign immunity except as specifically waived by the General Assembly. 1 Pa. C.S. § 2310. That waiver provides:

> The General Assembly . . . does hereby waive, *in the instances set forth in subsection (b) only*, and only to the extent set forth in this subchapter . . . sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a *negligent* act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

42 Pa. C.S. § 8522(a) (emphasis added). Thus, the DOH is entitled to sovereign immunity unless the cause of action is one for negligence that falls within one of the enumerated exceptions to sovereign immunity set out in the Judicial Code, at 42 Pa. C.S. § 8522(b). The ten exceptions are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National

Guard activities; (9) toxoids or vaccines; and (10) sexual abuse "if the injuries to the plaintiff were caused by actions or omissions of the Commonwealth party which constitute negligence." 42 Pa. C.S. § 8522(b)(1)-(10). These exceptions to sovereign immunity are to be narrowly construed in favor of granting immunity to Commonwealth officials. *Dean v. Commw. Dep't of Transp.*, 751 A.2d 1130, 1134 (Pa. 2000).

DOH is entitled to sovereign immunity to TreCom's Writ of Execution. The Commonwealth Court in *Ramis v. Chemical Decontamination Corp.*, held that the "list of exceptions to sovereign immunity, does not encompass suits for the attachment of and execution upon funds in the possession of the state." 560 A.2d 836, 840 (Pa. Commw. Ct. 1989). In *Ramis*, the appellant argued that § 8522(b)(3) waives sovereign immunity when the "care, custody or control of personal property in possession or control of Commonwealth parties[.]" However, the Court found this unpersuasive because § 8522(a) makes clear that the specific waivers identified in 8522(b) are related to "damages arising out of a negligent act." *Ramis*, 560 A.2d at 840. As such, "[a]n attempt to garnish personal property of a debtor in the possession of a third party, here the state, is not an action for damages arising out of alleged *negligence* by the garnishee in the use of that personal property." *Id.* Therefore, the appellants' action did not fall within the exception. *Id. See also Lepre v. US Bankcorp*, No. 903 C.D. 2018, 2019 WL 490113, at *4 (Pa. Commw. Ct. Feb. 8, 2019) (sovereign immunity prohibits attachment of Commonwealth funds.)

As such, unless a judgment creditor is authorized by a statutory provision that permits their effort to garnish state funds, both sovereign immunity and the Rules of Civil Procedure "compel the conclusion that the state is immune from the judgment creditor's action. *Ramis*, 560 A.2d at 842.

Moreover, the Commonwealth is not a garnishee under the Pennsylvania Rules of Civil Procedure. Pa R.C.P. 3101(a) defines judgment as "a judgment or order requiring the payment of money entered in any court … except a judgment against the Commonwealth or political subdivision[.]" Further, Pa.R.C.P. 3101(b) provides that "[a]ny person may be a garnishee." However, Rule 3101(b) contains a note that "judgments against the Commonwealth … shall be enforced in accord with the appropriate Act of Assembly which remain unsuspended." Pa.R.C.P. 76 defines "person" as a "corporation, partnership and associates, as well as a natural person;" but "that definition does *not* encompass the Commonwealth and its political and economic instrumentalities or subdivisions." *Ramis*, 560 A.2d at 842.

## IV.  CONCLUSION

For the foregoing reasons, DOH respectfully requests that the Court grant their Motion to Quash the Writ of Execution.

Respectfully submitted,

DAVID W. SUNDAY, JR
Attorney General

By:  *s/ Brendan Mullen*
BRENDAN MULLEN
Deputy Attorney General
Attorney ID 334199

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

Counsel for Pennsylvania Department of Health

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (267) 559-1016

bmullen@attorneygeneral.gov

## CERTIFICATE OF SERVICE

I, Brendan Mullen, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that the foregoing ***Pennsylvania Department of Health's Motion to Quash Writ of Execution*** has been filed electronically on this date and is available for viewing and downloading from the Court's Electronic Case Filing system by all counsel of record.

 *s/ Brendan Mullen*
**BRENDAN MULLEN**
Deputy Attorney General