IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRECOM SYSTEMS GROUP, INC.,**<br><br>Plaintiff<br><br>v.<br><br>**MJ FREEWAY, LLC, et al.,**<br><br>Defendants | Civil Action No.: 21-CV-1575<br><br>The Honorable Joshua D. Wolson |

<u>**ALLEAVES, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO INTERVENE
AND TO STAY AND VACATE THE WRITS OF EXECUTION**</u>

**I.     Introduction**

Alleaves, Inc. ("Alleaves") moves to intervene in this case as a secured creditor of MJ Freeway LLC ("MJ Freeway") pursuant to (i) a Promissory Note executed by Alleaves and MJ Acquisition Corp. ("MJ Acquisition," MJ Freeway's parent corporation) in June 2023 (Exhibit A) and an Amendment to that Promissory Note executed by Alleaves, MJ Acquisition, and MJ Freeway in February 2024 (Exhibit B).

In the Promissory Note, as amended, MJ Freeway pledged to Alleaves as collateral "all of [its] assets," including "accounts" and "deposit accounts," among other things:

> [MJ Freeway] hereby pledges, assigns, hypothecates, sets over and conveys to [Alleaves], and grants a continuing security interests, first in priority to all other security interests, in all of the right, title and interest in and to all of [MJ Freeway's] assets, whether now owned or hereafter acquired, including without limitation all accounts, chattel paper, deposit accounts, documents, equipment, fixtures, general intangibles, goods, instruments, inventory, copyrights, trademarks, patents, websites and URLs, licenses, intellectual property, all other tangible and intangible personal property, and all proceeds and products of any of the foregoing items.

Ex. B at 1, ¶ 4.

On January 27, 2025, Alleaves perfected its security interest by filing a UCC-1 financing statement with the Colorado Department of State, the state in which MJ Freeway is incorporated. Colo. Rev. Stat. § 4-9-301 ("Except as otherwise provided in this section, while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in collateral."); Colo. Rev. Stat. § 4-9-307 ("A registered organization that is organized under the law of a state is located in that state."). As such, Alleaves has a senior secured interest in MJ Freeway's assets predating (i) Trecom's praecipes for writ of execution, which were not filed until May 5, 2025 (Dkt. 183) and September 4, 2025 (Dkt. 197) and (ii) the Court's Writs of Execution, which were issued on May 30, 2025 (Dkt. 187) and September 10, 2025 (Dkt. 198).

## II.    Legal Standard

Alleaves seeks to intervene in this case. Under Rule 24(a), a non-party may intervene as of right when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Third Circuit has interpreted Rule 24(a) to grant intervention as of right if: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).

Under Rule 24(b), a non-party may intervene at the Court's discretion when it "has a claim or defense that shares with the main action a common question of law or fact."

Alleaves also seeks to vacate the Court's May 30, 2025 and September 10, 2025 Writs of Execution. Federal Rule 60(b) provides the standard for seeking relief from a judicial order and states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."

**III.    Argument**

   **A.    Alleaves has a right to intervene because it has a senior security interest in MJ Freeway's assets that Trecom seeks to satisfy its judgment.**

Alleaves' Motion to Intervene satisfies all four factors for intervention as of right (and, for the same reasons, discretionary intervention in the alternative). *See supra, Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995). *First*, Alleaves has an interest in this litigation because Trecom seeks to satisfy its judgment by executing on MJ Freeway's assets that are listed as collateral in the Promissory Note, Amendment, and Alleaves' UCC-1 financing statement filed with the Colorado Department of State. Ex. A at 2, ¶ 8 (Promissory Note); Ex. B at 1, ¶ 4 (Amendment); Ex. C (UCC-1 financing statement). On May 30, 2025, Trecom obtained a Writ of Execution against Pennsylvania Department of Health funds "due and owing" to MJ Freeway (*i.e.*, MJ Freeway's accounts receivable) (Dkt. 187) and recently filed a praecipe for a writ of execution against any accounts MJ Freeway may have with Truist Bank (Dkt. 197). The Court subsequently issued a September 10, 2025 Writ of Execution on the Truist accounts. Dkt. 198. All of these assets qualify as MJ Freeway's "accounts" and "deposit accounts," respectively, as those terms are used in the Promissory Note and its Amendment. Ex. A at ¶ 8; Ex. B at ¶ 4. They are also "assets" as that term is used in Alleaves' UCC-1 financing statement. Ex. C at 1. Thus, Alleaves has a perfected security interest in specific funds that Trecom has put at issue in this case via its praecipes for writ of execution. *See Mountain Top*, 72 F.3d at 366 (reversing denial of condominium owners'

3

motion to intervene to challenge disposition of insurance proceeds via settlement with contractor that had obtained a construction lien on condominium: "[A]n intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund.").

*Second*, Alleaves' interest in these funds will be impaired if the Court's May 30, 2025 and September 10, 2025 Writs of Execution are not vacated. If the Court were to permit Trecom to execute on Alleaves' collateral, Alleaves would be left without the security of its bargained-for collateral, a material term in the Promissory Note and its Amendment. That is a sufficient impairment to support intervention. *See Whittiker v. Cinnaworks, LLC*, No. 09-CV-1400, 2011 WL 5529292, at *2 (D. Colo. Nov. 14, 2011) (granting secured creditor's motion to intervene to challenge a writ of execution, finding that creditor's security interest in the defendant's assets would be impaired if plaintiff satisfied its judgment by collecting against those assets); *Stuff Elecs. (Dong Guan) Ltd. v. For Your Ease Only, Inc.*, 509 F. Supp. 3d 252, 258-59 (E.D. Pa. 2020) (Rufe, J.) (granting secured creditor's motion to intervene, finding: "Here, like in [the Third Circuit case] *Mountain Top*, the specific funds paid by [defendant] have been set aside by [co-defendant] pending resolution of the litigation. Both [plaintiff] and [intervenor] claim an interest in this fund, and intervention provides the best path to determine how the fund should be disbursed." (footnote omitted)).

*Third*, the existing parties do not adequately represent Alleaves' interest in this case. *See Mountain Top*, 72 F.3d at 368-69 (burden under this factor is "minimal" and requires only that the parties' representation "may be" inadequate). Trecom certainly does not represent Alleaves' interests because it seeks to execute on the same assets that Alleaves holds as secured collateral. And MJ Freeway does not adequately represent Alleaves' interests because they are in a creditor-debtor relationship. *See Land v. Delaware River Basin Comm'n*, No. 16-CV-897, 2016 WL

4771079, at *4 (M.D. Pa. Sept. 12, 2016) (Mariani, J.) (granting motion to intervene: "Although the [defendant] and [intervenors] have *similar* interests, the Court finds that their interests are not entirely co-extensive, and that it is possible that the [intervenor] and the [defendant's] interests may conflict." (emphasis added)); *Doe v. Allentown School Dist.*, No. 06-CV-1926, 2009 WL 2058726, at *5 (E.D. Pa. July 10, 2009) (Golden, J.) (granting motion to intervene, explaining: "Though the [intervenor] and plaintiffs present similar, if not identical, Title IX claims, the tactical similarity of the legal contentions of a current party with that of a proposed intervenor does not assure adequate representation." (cleaned up)); *Onewoo Corp. v. Hampshire Brands, Inc.*, No. 16-CV-4623, 2016 WL 11779677, at *1 (S.D.N.Y. Nov. 15, 2016) (granting secured creditor's motion to intervene and ruling: "While [debtor defendants] and [senior secured creditor] oppose [plaintiff's] motion [for prejudgment order of attachment] for the same reasons, [intervenor] has come forward with additional details concerning its lending arrangement with defendants."); *Atosa USA, Inc. v. MVP Group Corp.*, No. 21-CV-1474, 2022 WL 3099738, at *2 (C.D. Cal. May 24, 2022) (granting motion to intervene and holding that defendants did not adequately represent the proposed intervenor's interests because "defendants simply want to escape liability," but the proposed intervenor has an interest in the value of specific property).

*Fourth*, Alleaves' Motion is timely because its interest in this case arose after judgment, when Trecom only recently attempted to satisfy that judgment by executing on MJ Freeway's assets. Trecom filed its first praecipe for writ of execution on May 5, 2025, and the resulting May 30, 2025 Writ of Execution (Dkt. 187) was stayed by Court Order until June 17, 2025 (Dkt. 192). What's more, Trecom only served that Writ on July 14, 2025 (Dkt. 193), which is being challenged by the Pennsylvania Department of Health on sovereign immunity grounds, a challenge that remains pending as of filing (Dkt. 194). Finally, Trecom's second praecipe for a

5

writ of execution was filed on September 4, 2025 (Dkt. 197) and a Writ of Execution thereon was only issued on September 10, 2025 (Dkt. 198). In any event, timeliness is insufficient by itself to deny a motion to intervene where, as here, an intervenor has a legally protected interest in property that may be impaired by ongoing litigation. *See Mountain Top*, 72 F.3d at 369 (ruling that motion to intervene was timely, explaining: "[S]ince, in situations in which intervention is of right the would-be intervenor may be seriously harmed if he is not permitted to intervene, courts should be reluctant to dismiss a request for intervention as untimely, even though they might deny the request if the intervention were merely permissive.").

    **B.**    **The Court should stay its May 30, 2025 and September 10, 2025 Writs of Execution while Alleaves' petition to vacate those Writs is pending.**

The Court has inherent power to stay its Writs of Execution pending the outcome of issues related to those Writs. *See* Dkt. 189 (staying Writ of Execution pending resolution of MJ Freeway's motion to quash). Unless the Writs of Execution are stayed, there is a risk Alleaves' security interest in MJ Freeway's assets will be impaired before Alleaves' request to vacate the Writs of Execution (as well as the Pennsylvania Department of Health's Motion to Quash (Dkt. 194)) is decided. A stay would simply preserve the status quo until Alleaves can be heard.

    **C.**    **Alleaves respectfully requests an order vacating the Writs of Execution because Alleaves' has a security interest in MJ Freeway's assets that is senior to and has priority over any claim Trecom may have as a result of its judgment.**

        **i.**    **Colorado law applies to the perfection and priority of Alleaves' security interest in MJ Freeway's assets.**

As the Colorado Department of State website shows, MJ Freeway, LLC is incorporated in the state of Colorado.[1] The Court may take judicial notice of this fact. Fed. R. Evid. 201(b) &

---

[1] https://www.coloradosos.gov/biz/BusinessEntityCriteriaExt.do

(d); *see also Wallace v. Media News Grp., Inc.*, 568 F. App'x 121, 123 n.2 (3d Cir. 2014) (taking judicial notice of party's state of incorporation for purposes of assessing diversity jurisdiction); *Zangara v. Nat'l Bd. of Med. Examiners*, No. 22-CV-1559, 2023 WL 2868223, at *5 (D.N.J. Apr. 6, 2023) (Castner, J.) ("Although Plaintiff has not pled the location of Defendant's state of incorporation, this Court can take judicial notice of such information.").

Therefore, Colorado's version of the Uniform Commercial Code governs the perfection and priority of security interests and creditor liens, including any liens obtained by Trecom to satisfy its judgment in this case. Colo. Rev. Stat. § 4-9-301 ("Except as otherwise provided in this section, while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in collateral."); Colo. Rev. Stat. § 4-9-307 ("A registered organization that is organized under the law of a state is located in that state.").

> **ii.** **Alleaves' security interest is senior to any liens Trecom may have or may later obtain to satisfy its judgment in this case because Alleaves' security interest was perfected by filing a UCC-1 financing statement before Trecom secured any liens on MJ Freeway's assets.**

Under Colorado's version of the Uniform Commercial Code, timing determines priority of a security interest in relation to a lien. If a security interest is perfected before a judgment creditor secures a lien, the security interest takes priority over the lien. Colo. Rev. Stat. § 4-9-317 ("A security interest . . . is subordinate to the rights of . . . a person that becomes a lien creditor before the security interest or agricultural lien is perfected."); Colo. Rev. Stat. § 4-9-102 (defining "lien creditor" as "a creditor that has acquired a lien on the property involved by attachment, levy, or the like"); *Bowlen v. Fed. Deposit Ins. Corp.*, 815 P.2d 1013, 1015 (Colo. App. 1991) ("As a judgment creditor, however, [plaintiff] becomes a lien creditor only upon

service of the writ of garnishment on the garnishee. As between a prior perfected security interest and a lien creditor, the prior perfected security interest is superior." (cleaned up)).

Here, Alleaves perfected its security interest in MJ Freeway's assets on January 27, 2025 by filing a UCC-1 financing statement with the Colorado Department of State, a fact this Court may judicially notice. Ex. C (UCC-1 financing statement); Colo. Rev. Stat. § 4-9-310(a) (security interest perfected by filing a financing statement identifying collateral); Fed. R. Evid. 201 ("Court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *In re PES Holdings, LLC*, No. 19-11626, 2020 WL 1047768, at *6 (Bankr. D. Del. Feb. 28, 2020) ("The Court may take judicial notice of publicly filed financing statements."); *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (same). Meanwhile, Trecom did not file a praecipe for writ of execution until May 5, 2025 (Dkt. 183), did not secure a Writ of Execution until May 30, 2025 (Dkt. 187) (later stayed until June 17, 2025 (Dkt. 189, 192)), and did not serve the Pennsylvania Department of Health as garnishee until July 14, 2025 (Dkt. 193). Trecom did not file its second praecipe until September 4, 2025 (Dkt. 197) and did not obtain a Writ of Execution in response to that praecipe until September 10, 2025 (Dkt. 198).

Further, the Promissory Note, its Amendment, and Alleaves' UCC-1 financing statement identify as collateral the MJ Freeway assets that Trecom seeks to execute against. *Compare* Ex. A at 2, ¶ 8 (Promissory Note) (setting forth general terms of Promissory Note), *and* Ex. B at 1, ¶ 4 (Amendment) (agreement binding MJ Freeway to Promissory Note and pledging as collateral "all assets," "all accounts," and "deposit accounts" of MJ Freeway), *and* Ex. C at 1 (financing statement) (description of collateral: "All assets of MJ Freeway as described in the Promissory Note dated June 1, 2023, and First Amendment dated February 12, 2024") *with* Dkt. 187 (Writ of

8

Execution on PA Department of Health) (attaching "all sums due and owing to Defendant MJ Freeway," *i.e.*, MJ Freeway's accounts receivable) *and* Dkt. 197 (Trecom's September 4, 2025 praecipe) (listing "all checking, savings, money market, certificates of deposit, or other deposit accounts, lines of credit, or any other accounts held in the name of MJ Freeway LLC").

Because Alleaves' security interest has priority over the MJ Freeway's assets identified in the Court's May 30, 2025 and September 10, 2025 Writs of Execution (Dkt. 187, 198), those Writs should be vacated. *See Alling v. Am. Tool & Grinding Co.*, 648 F. Supp. 1344, 1352 (D. Colo. 1986) (granting motion to intervene filed by secured creditor, ruling that its rights to accounts receivable were senior to plaintiff's later-acquired judgment lien, and denying plaintiff's motion for disbursement of funds: "What is important is that the subject accounts receivable are a security interest which [intervenor] had fully perfected before plaintiffs attempted to execute writs of garnishment pursuant to the default judgment."); *Sheet Metal Workers Loc. 100 (Baltimore Area) Health & Welfare Fund v. Warren-Ehret Co. of Maryland*, No. 11-CV-3716, 2014 WL 956629, at *1 (D. Md. Mar. 11, 2014) (granting secured creditor's motion to intervene and its motion to alter or amend judgment as to plaintiff's garnishment of funds held by third party because secured creditor's interest in the funds was senior to plaintiff's interest as judgment creditor).

## IV.   Conclusion

For the foregoing reasons, Alleaves respectfully requests an order vacating the Court's May 30, 2025 and September 10, 2025 Writs of Execution. Dkt. 187, 198.

| | |
|---|---|
| Dated: September 14, 2025 | BAKER HOSTETLER LLP<br><br>By: */s/ Tyson Y. Herrold*<br>Tyson Y. Herrold (PA 314262)<br>Joseph Lucci (PA 56503)<br>1735 Market Street – Suite 3300<br>Philadelphia, PA 19103-7501<br>T: (215) 564.3286<br>F: (215) 568.3439<br>therrold@bakerlaw.com<br>jlucci@bakerlaw.com<br><br>*Counsel for Alleaves, Inc., Intervenor* |

## CERTIFICATE OF SERVICE

      I hereby certify that on September 14, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

                                                /s/ *Tyson Y. Herrold*
                                                Tyson Y. Herrold