**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **TRECOM SYSTEMS GROUP, INC.,** | |
| *Plaintiff,* | |
| v. | **Case No.  2:21-cv-01575-JDW** |
| **MJ FREEWAY, LLC, et al.,** | |
| *Defendants.* | |

## MEMORANDUM

Words matter—especially when they appear in a statute. In 1978, the Pennsylvania General Assembly chose to immunize the Commonwealth from "suit." It did not, however, extend that protection to every ancillary legal proceeding, such as writs of execution and other post-judgment proceedings. Now, the Commonwealth invokes its statutory sovereign immunity to protect it from a writ of execution even though Pennsylvania courts have acknowledged, both before and after the General Assembly's passage of the statute, that the common law doctrine of *custodia legis* permits writs of execution against the Commonwealth in certain circumstances. A writ of execution is not a "suit" by any fair reading of the term, and the text, history, and context of Pennsylvania law demonstrate that statutory immunity does not protect the Pennsylvania Department Of Health from the writ of execution that TreCom Systems Group, Inc. served on it in this case.

## I.    BACKGROUND

On April 29, 2025, I entered an Amended Judgment in favor of TreCom and against MJ Freeway, LLC ("MJF") in the amount of $4,520,599.21, plus post-judgment interest. As part of its efforts to collect on that judgment, TreCom filed a Praecipe For Writ Of Execution, seeking to attach MJF's assets that DOH holds. On May 30, 2025, the Clerk Of Court issued a Writ Of Execution to TreCom (the "Writ"), directing the United States Marshal "to attach the property of the Defendant in the possession of the [DOH], as garnishee: all sums due and owing to [MJF], for work performed relating to RFQ 6100040415 and/or RFP 6100059924, and any other project for which MJF is owed money by Garnishee for work performed … ." (ECF No. 187 at 1.)

On May 16, 2025, MJF moved to quash the Writ. Then, on June 2, 2025, MJF moved to set aside the Writ, arguing that it violates the principal of *custodia legis* and that it does not describe the property at issue with sufficient specificity. On June 17, 2025, I denied that Motion. I explained in that Order that while funds in the hands of the Commonwealth are not attachable as a matter of public policy, there is an exception to that doctrine when the "government has achieved the purpose for which the funds are being held, and nothing remains to be done except the return of the fund to the judgment debtor." (ECF No. 192 at 2, ¶ 4 (quoting *Wheatcroft v. Smith*, 362 A.2d 416, 418 (Pa. Super. Ct. 1976)). Because TreCom's Writ would only garnish funds that the DOH owes to MJF for work that MJF has completed, I concluded that the exception applies in this case.

On July 31, 2025, the DOH moved to quash the Writ, arguing that the doctrine of sovereign immunity bars TreCom from executing on the Writ. That Motion is ripe for decision.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 69(a)(1) provides that "[a] money judgment is enforced by a writ of execution" and that "[t]he procedure on execution ... must accord with the procedure of the state where the court is located ...." Under Pennsylvania Rule Of Civil Procedure 3121(d), the court may "set aside the writ, service or levy (1) for a defect therein; (2) upon a showing of exemption or immunity of property from execution, or (3) upon any other legal or equitable ground therefor." Pa. R. Civ. P. 3121(d). Pursuant to Pennsylvania's sovereign immunity statute, 1 Pa. C.S. § 2310, "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit" unless the Commonwealth subsequently waives that immunity. The party seeking the protections of Pennsylvania's sovereign immunity statute bears the burden of demonstrating that it applies. *See Gerhart v. Com. of Pa.*, Civ. A. No. 09-cv-1145, 2009 WL 2581715, at * 8 (E.D. Pa. Aug. 13, 2009); *cf. Carter v. City of Phila.*, 181 F.3d 339, 347 (3d Cir. 1999) (burden of proving 11th Amendment immunity).

## III.    DISCUSSION

Pennsylvania law provides that state actors, like the DOH, are "immune from suit." 1 Pa. C.S. § 2310.[1] The statute does not define the word "suit." Under Pennsylvania law, the "best indication of legislative intent is the plain language of the statute." *Green Analytics N., LLC v. Pa. Dep't of Health*, __ A.3d __, 2025 WL 2731699, at * 5 (Pa. Sept. 25, 2025) (internal quotation marks omitted). Pennsylvania courts "identify the plain meaning by considering the statutory language in context and give words and phrases their common and approved usage." *Id.* (internal quotation marks omitted). Courts do not give a word its plain meaning if other parts of the statute suggest otherwise or if the word is used in a specialized, technical fashion. *See id.*

The plain language and context of Section 2310 demonstrate that a Writ of Execution is not a type of suit. When interpreting a statute, a court must give words "the meaning they had when the text was adopted." A. Scalia & B. Garner, Reading Law 78 (2012). The Pennsylvania General Assembly passed the sovereign immunity statute in 1978. At that time, the word "suit" was "[a] generic term, of comprehensive signification, referring to any proceeding by one person or persons against another or others in a court of justice in which the plaintiff pursues, in such court, the remedy which the law affords

---

[1] Immunity can be stator or arise under the Eleventh Amendment. The Commonwealth does not invoke the Eleventh Amendment in its Motion, and a state can forfeit Eleventh Amendment immunity by non-assertion, so I do not reach the question of whether the Eleventh Amendment applies to the Writ.

him for the redress of an injury or the enforcement of a right, whether at law or in equity,"
*suit*, BLACK'S LAW DICTIONARY (5th ed. 1979). Another source from around that time
described it as "a lawsuit," which in turn was "the process of bringing a problem or claim
etc. before a court of law for settlement." OXFORD AMERICAN DICTIONARY 375, 685 (1980)).

These definitions reveal that the term "suit" refers to a specific type of legal
proceeding, one in which a plaintiff brings a claim for relief against a defendant. And the
statute immunizes the Commonwealth and its officials and employees from liability if a
plaintiff names them as defendants in such a proceeding. But the statute only extends as
far as its language, not further. And a writ of execution is not a suit. It is a legal proceeding
that is ancillary to a suit, which arises when a victorious plaintiff seeks to collect on its
judgment. By its terms, then, the Writ does not fall within the ambit of the sovereign
immunity that Section 2310 provides.

Historical context bolsters the conclusion that sovereign immunity does not apply
to a writ of execution. When interpreting the text of a statute, a court should not read the
statute "as changing the common law unless [it] effects the change with clarity." READING
LAW at 318. That's consistent with Pennsylvania's Statutory Construction Act, which
provides that "[t]he common law … as w[as] in force in the Province of Pennsylvania on
May 14, 1776 and which w[as] properly adapted to the circumstances of the inhabitants
of this Commonwealth shall be deemed to have been in force in this Commonwealth from
and after February 10, 1777." 1 Pa. C.S.A. § 1503(a).

When the Pennsylvania General Assembly enacted Section 2310, it didn't deviate from common law. To the contrary, it indicated its intent to codify common law to ensure that officials "continue to enjoy sovereign immunity and official immunity ...." 1 Pa. C.S.A. § 2310. At the time that the General Assembly adopted that statute, a common law doctrine protected state actors from having to comply with writs of execution. *See Buchholz v. Cam*, 430 A.2d 1199, 1200 (Pa. Sup. Ct. 1981) (citing *Bulkley v. Eckert*, 3 Pa. 368 (1846)). The common law doctrine of *custodia legis* protects "funds or other property in the possession of the Commonwealth or one of its political subdivisions, owing to individuals" from "attachment under the public policy that the government should be free from the annoyance and uncertainty arising out of disputes between those to whom the state owes the property it holds and those claiming a right to the same property by garnishment." *Ramins v. Chem. Decontamination Corp.*, 560 A.2d 836, 840 (Pa. Cmwlth. 1989).[2] However, Pennsylvania courts have recognized that an exception to *custodia legis* applies when "the public purpose for which the property has been held has been achieved, and the property merely awaits distribution." *Pa. Higher Educ. Assistance Agency v. Lal*, 714 A.2d 1116, 1119 (Pa. Cmwlth. 1998).

When the General Assembly passed Section 2310 in 1978, it did so against this common law backdrop. Yet it didn't extend sovereign immunity to ancillary proceedings;

---

[2] The DOH does not assert that the doctrine of *custodia legis* protects it from complying with the Writ.

it only applied to "suits." It could have done so, and the common law made clear that it needed to do so if it wanted to alter the rules of *custodia legis*. But it remained silent, and it is not the place of a court to extend the law beyond what the General Assembly provided.

The DOH cites to the Commonwealth Court's decision in *Ramins*, which held that writs of execution don't fit within one of the statutorily enumerated exceptions to the sovereign immunity that Section 2310 creates. *See* 42 Pa. C.S. § 8522(b) (listing exceptions to sovereign immunity). I am not bound by the decisions of the Commonwealth Court, of course. *See Comm'r v. Bosch's Est.*, 387 U.S. 456, 465 (1967). And I am not going to follow *Ramins* because the *Ramins* court put the cart before the horse. While the *Ramins* court analyzed the exceptions to sovereign immunity, it did not analyze whether a writ of execution falls within the immunity from "suit" that Section 2310 provides in the first place. That is, *Ramins* did not grapple with the fact that Section 2310 applies only to "suits," not to ancillary proceedings. Because the *Ramins* court failed to do this analysis, I am not persuaded that the DOH is immune from having to comply with the Writ of Execution.

## IV.    CONCLUSION

Pennsylvania law provides the DOH with immunity from "suit."  However, the DOH has failed to show that it is the subject of "suit" as a result of receiving a Writ of Execution. Since DOH is not subject to "suit," it is not protected by its statutory sovereign immunity. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

October 22, 2025